UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEBASTIAN HERNANDEZ,<br><br>                    Petitioner,<br><br>vs.<br><br>WARDEN RICHARDSON,<br><br>                    Respondent. | Case No. 1:23-cv-00574-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Respondent Warden Richardson (Respondent) has filed a Motion for Summary Dismissal of the Petition for Writ of Habeas Corpus on two procedural grounds: statute of limitations and procedural default. (Dkt. 14). Petitioner Sebastian Hernandez (Petitioner) has filed his Response (entitled "Reply"), with an Affidavit and Exhibits. (Dkts. 19 to 19-6, 20). Earlier, the Court preliminarily reviewed the motion and provided Petitioner with direction for briefing. (Dkt. 25).

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. (Dkt. 13). *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs

**MEMORANDUM DECISION AND ORDER - 1**

and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

### 1. Standard of Law for Summary Dismissal

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### 2. Review of Statute of Limitations Issue

#### A. *Standard of Law - Timeliness*

Petitioner's challenge to his state criminal judgment is governed by Title 28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This statute requires a federal habeas corpus petition to be filed within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). *One year* means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

The most common trigger is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Idaho, if no appeal is filed after entry of a dispositive state district court order or judgment within forty-two days, the judgment becomes final. *See* I.A.R. 14. "Finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are

**MEMORANDUM DECISION AND ORDER - 2**

mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 149-50 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

**B.  *Standard of Law - Equitable Tolling Exception***

There is an "equitable tolling" exception to the federal habeas statute of limitations. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and the extraordinary circumstances. The petitioner bears the burden of presenting facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).

Ignorance of the law, without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling").

**C.  *Standard of Law - Actual Innocence Exception***

There is also an "actual innocence" exception to the statute of limitations. A petitioner must meet the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "'Actual innocence' means factual innocence, and not mere

**MEMORANDUM DECISION AND ORDER - 3**

legal insufficiency." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Perkins*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

### D. *Relevant Background*

In his state criminal case, Petitioner pleaded guilty to one count of aggravated battery, where the victim was his mother, in exchange for dismissal of multiple other criminal counts against other alleged victims. (*See* State's Lodging A-2). In April 2017, Petitioner's judgment of conviction was entered. In October 2017, an order suspending his sentence for the felony conviction was entered, and he was placed on ten years' probation. (State's Lodgings A-6 to A-9). He did not appeal the conviction or sentence. Almost three years later, in June 2020, his probation was revoked, and he was ordered to serve his original sentence with credit for 764 days served. (State's Lodging A-10).

On December 28, 2021, Petitioner filed a post-conviction petition in state court to challenge his judgment, including on the grounds of new evidence: an alleged recantation by the victim. (State's Lodging B-1). After notice to Petitioner and an opportunity for him to respond was given, the state district court dismissed the post-conviction petition as untimely. (*Id*. at 24-30). The dismissal was affirmed on appeal; a petition for review was denied; and a remittitur was issued on November 27, 2023. (State's Lodgings C-5 through C-9).

MEMORANDUM DECISION AND ORDER - 4

In 2022 and 2023, while represented by counsel, Petitioner filed various pro se motions for relief in his underlying criminal case. The state district court did not rule on these motions, but entered a "notice of non-action" as to each. (*See* State's Lodging A-1, Register of Actions). In 2023, Petitioner filed a notice of appeal that was dismissed without prejudice by the Idaho Supreme Court on February 6, 2024. (*Id*. at 51-52).

On December 16, 2023 (mailbox rule date),[1] Petitioner filed his federal Habeas Corpus Petition in this action, raising Claims 1 through 4. (Dkt. 4). Upon review, this Court noted that Claims 1 and 2 were non-cognizable "actual innocence" claims. (Dkt. 10).

**E.  *Analysis***

Petitioner's original state criminal judgment of conviction, entered on April 19, 2017, became final forty-two days later, on May 31, 2017, because Petitioner did not file an appeal or any other action that tolled the federal one-year statute of limitations. His federal statute of limitations began on June 1, 2017. Therefore, his judgment was final one year later, on June 1, 2018.

And, if any of Petitioner's claims arose from the original "Order Suspending Sentence After Retained Jurisdiction and Order of Probation," entered on October 30, 2017 (State's Lodging A-9), that Order was final 42 days later, on December 11, 2017. The federal statute of limitations began running on December 12, 2017, and expired on December 12, 2018.

---

[1]     *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it into the hands of prison authorities for filing, rather than the date it is actually filed with the clerk of court).

**MEMORANDUM DECISION AND ORDER - 5**

Upon finality, Petitioner had one year to contest the underlying criminal judgment in state court via post-conviction review. He was out on probation during the time frame and did not contest the final judgment or order. Petitioner's state post-conviction statute of limitations expired one year later, in June 2018 (judgment) or December 2018 (suspended sentence order). After 2018, Petitioner could contest only revocation of probation or renewed imposition of the sentence upon revocation. The federal statute of limitations for claims arising from the 2017 judgment could not be restarted by filing state court actions after 2018.

Petitioner has vaguely set forth several factual bases to explain why his Petition was filed late and why the lateness should be excused. (*See* Dkt. 20 at 2). The Court informed Petitioner that, when he received "bad advice" from the prison paralegal in December 2023, it could not have been grounds for not having his Petition filed by 2018. (*See* Dkt. 25). The Court provided Petitioner with an extension of time to show that he received this advice during the actual statute of limitations period, 2017 to 2018, but he filed nothing further. (*See* Dkts. 28-29).

Further, the nature of the advice from the paralegal shows that the lateness has nothing to do with the lateness of the federal petition. Petitioner asserts the paralegal told him that he must file the federal petition first when he "asked about the correct order of 9th circuit, U.S. Supreme Court writ of cert. and Federal Habeas Corpus." (Dkt. 20 at 2) (verbatim). Petitioner asserts, but for the paralegal's "bad" advice, he would have filed the Ninth Circuit Appeal first. (*Id.*). But the paralegal was correct about the order of federal filings, and Petitioner does not allege that she gave him advice about the order or timing of state filings. The proper order is for federal claims to be raised in the state district court, Idaho Court of Appeals (if the case is assigned to that court), Idaho Supreme Court, United States Supreme Court (if appropriate), *then* the United States District

**MEMORANDUM DECISION AND ORDER - 6**

Court, United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court again.

Had Petitioner filed a case in the Ninth Circuit Court of Appeals first, as he desired, it would have been dismissed, because there would have been no underlying federal district court case from which to appeal. And, without having exhausted his state court remedies, any federal district court case would have been dismissed. This entire argument does not have a factual or legal basis or a direct causal connection to the federal statute of limitations, which runs from finality of state court decisions.

Petitioner also asserts as grounds for equitable tolling the fact that he suffered from "mental conditions, e.g., Adult ADD/ADHD, etc." (Dkt. 21 at 2). He states he must re-read documents several times to understand their meaning, and that he does not understand legal proceedings. However, there is no adequate connection between any mental condition and the lateness of the habeas corpus petition. The state court record reflects both that Petitioner never offered any mental health records to support his contentions (*see* State's Lodging B-1 at 27) and that he filed many legal documents pro se (*see* State's Lodgings), negating his argument. It is much more likely that Petitioner simply chose not to timely appeal his conviction and sentence because he did not anticipate a future probation revocation.

Petitioner also argues that the victim's alleged recantation of her testimony in a letter of March 12, 2022, is grounds for excusing untimeliness under the actual innocence doctrine. (Dkt. 19-6 at 1). But the "recantation" letter Petitioner has submitted is too vague by itself to support that excuse:

> My name is Barbara Madsen. I am the mother of Sebastian Hernandez. I am also the victim in his case.

**MEMORANDUM DECISION AND ORDER - 7**

> I want it to be known that I was under the influence and wasn't thinking in the right way and may have made an inaccret [sic] statement to the Police on the day of Sebastian's arrest. I was angry and may have said something I didn't mean to.
>
> Please talk to Sebastian if there are any questions.

(*Id.*).

Earlier, the Court gave Petitioner notice that the letter was insufficient to support a claim of actual innocence based on new evidence; he was given an opportunity to provide support for this claim. (Dkt. 25). The victim of the crime to which Petitioner pleaded guilty was his own mother. Her intoxication likely was known to or discoverable by Petitioner on the date of the crime. Or, he could have had her interviewed many years ago. There is no interview in the state court file to interpret the cryptic letter. His mother's words I "may" have made an inaccurate statement to investigators does not mean I "did" make an inaccurate statement, nor is the content of the possible inaccuracy provided. Nothing in the record shows that Petitioner is factually innocent of the crime or that this evidence is new.

For all of the foregoing reasons, the Court concludes that the Petition was untimely filed and that no adequate excuse exists to permit the Court to hear the untimely Petition.

### 3.  Review of Procedural Default Issue

#### A.  *Standard of Law*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

**MEMORANDUM DECISION AND ORDER - 8**

State court remedies are considered technically exhausted, but not properly exhausted, if a petitioner failed to pursue a federal claim in state court and no remedies remain available. *Id*. at 848. Or, improper exhaustion can occur when a petitioner tried to pursue a federal claim in state court, but the state court rejected it on an adequate and independent state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

To qualify as an adequate procedural ground that prevents a federal court from hearing a federal claim arising from a state court criminal case, "a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal citation and punctuation omitted). The state procedural bar must be one that is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009).

A state procedural bar is "independent" of federal law if it is not interwoven with or does not rest on federal grounds. *See Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (holding that a state waiver rule is not independent where, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

**MEMORANDUM DECISION AND ORDER - 9**

**B.  *Exceptions to Procedural Default***

Improper exhaustion, including application of an adequate and independent state procedural bar, renders a claim "procedurally defaulted" for federal habeas corpus purposes. *Coleman*, 501 U.S. at 731. Habeas corpus relief cannot be granted on a procedurally defaulted claim unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.* at 748. If the petitioner cannot meet one of these exceptions, the federal district court's only options are to dismiss the claim on procedural grounds or deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing, not merely that the errors [in his proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**C.  *Analysis***

As noted above, the state courts rejected all of Petitioner's attempts to present his late claims. No state court ruled on the merits of the claims, because they were presented in a procedurally improper manner. Because he has no state court avenues remaining open to present the claims properly, his claims are deemed procedurally defaulted here.

**MEMORANDUM DECISION AND ORDER - 10**

The threshold question is whether the state court's application of the procedural default bar is adequate and independent state procedural ground. Here, the state appellate court dismissed Petitioner's claims in state court on state statute of limitations grounds, citing I.C. § 19-4902(a). There is no case law suggesting that this statutory bar was not regularly applied before Petitioner's case arose. Nor is a state timeliness issue intertwined with or dependent on federal law. Therefore, the procedural bar based on I.C. § 19-4902(a) is adequate and independent. *See Coleman*, 501 U.S. at 731-32.

Petitioner argues that he meets the cause and prejudice exception for his procedural default because his post-conviction appellate counsel was ineffective for failing to raise all of Petitioner's post-conviction claims on appeal. But the *Coleman* cause and prejudice exception does not apply to these facts. Petitioner has not shown that failure to properly bring his federal claims in state court was due to his criminal *trial* counsel or *direct appeal* counsel. There is no constitutional right to counsel in post-conviction proceedings; therefore errors of counsel on post-conviction appeal cannot serve as cause for the procedural default of claims later brought in habeas corpus proceedings.

A limited exception to the *Coleman* rule was created in *Martinez v. Ryan*, 566 U.S. 1 (2012): that inadequate assistance of initial post-conviction review counsel or a lack of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. Here, Claim 3 is an ineffective assistance of trial counsel claim, and Petitioner did "lack counsel" in the initial post-conviction proceeding. He asked the state district court to appoint counsel for him during initial post-conviction proceedings, but the court declined due to the obvious statute of limitations issue, advising Petitioner that it would

**MEMORANDUM DECISION AND ORDER - 11**

reconsider his motion after reviewing Petitioner's response to the notice of intent to dismiss. (State's Lodging B-1 at 16-17, 19).

However, lack of counsel at the initial proceeding did not cause the default of Petitioner's claims, because Petitioner *did* raise the claims in his initial state post-conviction petition in a manner in which they could be construed as having a federal basis. Rather, the default occurred when appellate post-conviction counsel raised only a state procedural issue on appeal.[2] The *Martinez* exception does not apply to post-conviction appellate counsel.

Finally, Petitioner has not shown that he is actually innocent, as discussed above in the similar section addressing actual innocence as an exception to the statute of limitations. That same reasoning applies here to preclude application of the actual innocence exception to default of the claims. Accordingly, the Court will dismiss the Petition for Writ of Habeas Corpus with prejudice.

## ORDER

**IT IS ORDERED**:

1. Respondent's Motion to Exceed Page Limits (Dkt. 23) is **GRANTED**.

2. Respondent's Motion for Summary Dismissal (14) is **GRANTED**.

3. The Petition for Writ of Habeas Corpus (Dkt. 4) is **DISMISSED WITH PREJUDICE**.

---

[2]     This Court makes no determination on post-conviction counsel's performance, but notes that it is difficult to show ineffective assistance of appellate counsel under prevailing case law. "Effective legal assistance" does not mean that appellate counsel must appeal every question of law. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "[N]othing in the Constitution" requires "judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable claim' suggested by a client." *Id*. at 754. "[T]he process of winnowing out weaker claims on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Burger v. Kemp*, 483 U.S. 776, 784 (1987) (internal citations and punctuation omitted).

4.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 13, 2025

Amanda K. Brailsford
U.S. District Court Judge